IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| STEVEN E. CROSS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 120-035 |
| | ) | (Formerly CR 112-129) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at the Federal Correctional Institution in El Reno, Oklahoma, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for initial review as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** and this civil action be **CLOSED**.

I.  BACKGROUND

   A.  **Indictment and Agreement to Plead Guilty**

On April 3, 2012, the grand jury in the Southern District of Georgia charged Petitioner, along with two co-defendants, with one count of conspiracy to use and carry a firearm during crimes of violence, three counts of robbery of a commercial business, three counts of using, carrying, and brandishing a firearm during a crime of violence, and three counts of a felon in possession of a firearm. United States v. Cross, CR 112-129, doc. no. 1

(S.D. Ga. April 3, 2012) (hereinafter "CR 112-129").  Of particular importance to Petitioner's § 2255 motion, Count Ten charged Petitioner under 18 U.S.C. § 924(c) for carrying, using, and brandishing a firearm during a crime of violence as charged in Count Nine. Id. at 7-8.  In turn, Count Nine charged Defendant with Hobbs Act robbery.  (Id. at 8.) The Court appointed Petitioner attorney Michael N. Loebl to represent him. Id., doc. no. 26.

On December 5, 2012, Petitioner appeared with counsel and pled guilty to (1) Count One, conspiracy to use and carry a firearm during crimes of violence; (2) Count Seven, Hobbs Act robbery; and (3) Count Ten, using, carrying, and brandishing a firearm during a crime of violence as charged in Count Nine. Id., doc. nos. 86-88.  Not only did the indictment specify Count Ten was predicated on the Hobbs Act robbery charged in Count Nine, but Petitioner also stipulated to the accuracy of the factual basis set forth in the plea agreement that he possessed the firearms as charged in Count Ten in furtherance of the robbery of a commercial business crime as charged in Count Nine. Id., doc. nos. 1, 88.

On April 18, 2013, Chief United States District Judge J. Randal Hall, sentenced Petitioner to a term of imprisonment of 204 months, allocated as 120 months for Counts One and Seven to be served concurrently and a mandatory eighty-four months for Count Ten to be served consecutively. Id., doc. nos. 97, 99.  Judgment entered on April 19, 2013. Id., doc. no. 59.  In accordance with the terms of the plea agreement, Petitioner did not file a direct appeal. Id., doc. no. 88, p. 5.

On March 10, 2020, Petitioner filed the instant § 2255 motion, seeking vacatur of his conviction solely in light of United States v. Davis, 139 S. Ct. 2319 (2019).  (Doc. no. 1.)

## II. DISCUSSION

Petitioner's § 2255 motion should be dismissed because a review of the record of Petitioner's prior criminal proceeding in CR 112-129 shows Davis does not apply to Petitioner's Count Ten conviction under § 924(c).  Under Rule 4 of the Rules Governing Section 2255 Proceedings For the United States District Court, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  The Advisory Committee Notes for Rule 4 state, "Since the [§ 2255] motion is part of the criminal action in which was entered the judgment to which it is directed, the files, records, transcripts, and correspondence relating to that judgment are automatically available to the judge in his consideration of the motion."

Section 924(c) requires imposition of a mandatory sentence for an individual convicted of using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime."  Sections 924(c)(3)(A) and (B) define "crime of violence" as an offense that is a felony and:

(A)   has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)   that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Subsection A is commonly referred to as the "elements clause" and subsection B is known as the "residual clause."  In re Pollard, 931 F.3d 1318, 1329 (11th Cir. 2019) (*per curiam*).

In Davis, the Supreme Court "extended its holdings in Johnson v. United States, 135 S. Ct. 2551 (2015), and Sessions v. Dimaya, 138 S. Ct. 1204 (2018), to § 924(c) and held that § 924(c)(3)(B)'s residual clause, like the residual clauses in the Armed Career Criminal Act and 18 U.S.C. § 16(b), is unconstitutionally vague." In re Navarro, 931 F.3d 1298, 1301 (11th Cir. 2019) (*per curiam*) (citing Davis, 139 S. Ct. at 2324-25, 2336). However, Davis only invalidated § 924(c)(3)(B)'s residual clause and not the elements clause of subsection A. Id. at 1302; Steiner v. United States, 940 F.3d 1282, 1292-93 (11th Cir. 2019). Thus, if the predicate offense to Petitioner's § 924(c) conviction falls within the elements clause, Petitioner is not entitled to relief under Davis.

Here, the predicate offense to Petitioner's underlying § 924(c) charge is Hobbs Act robbery under 18 U.S.C. § 1951, and this offense is a crime of violence under the elements clause. United States v. Henderson, No. 17-15464, 2020 WL 65058, at *2 (11th Cir. 2020) (holding Hobbs Act robbery "clearly qualifies as a crime of violence" under elements clause). In CR 112-129, both the indictment and the plea agreement signed by Petitioner state Petitioner's Count Ten charge under § 924(c) is based on his Count Nine charge of Hobbs Act robbery. CR 119-129, doc. nos. 1, 88. Thus, Davis is inapplicable to Petitioner's conviction. While Petitioner did not plead guilty to Count Nine, § 924(c) does not require a conviction for that charge to serve as the predicate crime of violence for the § 924(c) conviction. In Re Navarro, 931 F.3d at 1302. It is enough that Petitioner pled guilty to Count Ten and stipulated to the accuracy of the factual basis set forth in the plea agreement that he possessed a firearm as charged in Count Ten in furtherance of Hobbs Act robbery as charged in Count Nine. (Doc. nos. 1, 88.)

4

Because Petitioner's claim is clearly without merit based on the current record and Eleventh Circuit case law, his Davis-based claim is ripe for dismissal under Rule 4 of the Rules Governing Section 2255 Proceedings.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of March, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA