IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 112-129-1 |
| | * | |
| STEVEN E. CROSS | * | |

**O R D E R**

Defendant Steven E. Cross has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), which provides a narrow path for a defendant in extraordinary and compelling circumstances to leave prison early. Because Defendant's circumstances do not qualify for compassionate release, the motion is **DENIED**.

Under the compassionate release provision, the Court may only reduce a sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and that such reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The applicable Policy Statement lists only three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence, one of which is family circumstances.¹ Id. n.1(A)-(C). The Eleventh Circuit, to

---

¹ A fourth catch-all category, which is not applicable here, provides: **"As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and**

which this Court is bound, has held that a district court does not have discretion to consider extraordinary and compelling circumstances independent of these categories. See Bryant v. United States, 996 F.3d 1243 (11th Cir. 2021).

Defendant's sole basis for relief is his desire to help care for his aging father. Application Note 1(C) of the Policy Statement provides only two categories of family circumstances that could warrant relief: "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children," or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." Parental care is not listed; thus, Defendant is not entitled to compassionate release for his family circumstances.

Further, Defendant requests to have the Court weigh in on his placement in a halfway house. Only the Bureau of Prisons ("BOP") can designate the place of an inmate's imprisonment, see 18 U.S.C. § 3621(b), and it has considerable discretion in classifying and housing prisoners, see United States v. Ramdeo, 705 F. App'x 839 (11th Cir. 2017). Under 18 U.S.C. § 3624(c), the BOP may grant pre-release custody to an inmate, which would allow him to serve a portion of his federal sentence in the community, whether by

---

compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added).

2

home confinement or in a community correctional facility. The BOP considers five factors listed in § 3621(b), as well as the guidelines in § 3621(c)(1), to make an individual determination on each inmate. One of the factors relevant here is "any statement by the court that imposed the sentence (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4).

Upon consideration of Defendant's request, it is the Court's view that the BOP is much better positioned to evaluate Defendant's individual circumstances. The Court therefore will not offer an opinion - one way or another - as to his suitability for pre-release custody. The Court will leave this eligibility determination to the experienced discretion of the BOP.

Upon the foregoing, Defendant Steven E. Cross's motion for compassionate release (doc. 141) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of May, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3